■ I. Reiss & Son, Respondent, v Silver Colt Realty Associates et al., Appellants.—Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered January 29, 1992, which, insofar as appealed from, denied defendants' cross-motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

We agree with the IAS court that the conflicting affidavits and documentation submitted by the parties raise a triable issue of fact as to whether the parties intended that the note sued upon be superseded by a subsequent agreement, never reduced to writing, consolidating the note with numerous other obligations owed by defendants' principal to plaintiff and substantially changing the terms and conditions of payment *(see, Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285, 288; *Goldbard v Empire State Mut. Life Ins. Co.,* 5 AD2d 230, 233-234). There is an issue of fact as to whether the alleged substituted agreement discharged the defendants' obligation on the guarantee by significantly modifying the terms of the note *(Flaum v Birnbaum,* 120 AD2d

183). While a substituted agreement need not be in writing if supported by sufficient consideration *(Federal Deposit Ins. Corp. v Hyer,* 66 AD2d 521, 528-529), the existence of the alleged consideration, in the form of an increase in the interest rate on the principal amount unpaid on the note and the conveyance of certain property, is sharply disputed, and therefore merely an additional factual issue precluding summary judgment. We have reviewed defendants' remaining claims and find them to be without merit. Concur—Murphy, P. J., Carro, Ellerin, Kassal and Rubin, JJ.