■ JOHN J. DeLeo, Respondent, v MICHAEL A. GOLD et al., Defendants, and MICHAEL HAMILTON et al., Appellants. [699 NYS2d 856] —Judgment and order modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in granting that part of plaintiff's motion seeking partial summary judgment against Michael Hamilton and William Hamilton (defendants) on the first cause of action, alleging that defendants and others breached the parties' May 1991 agreement. Under the terms of that agreement, plaintiff agreed to provide security in the amount of $25,000 for a commercial loan issued to defendant Rainbow Hospitality Management of Niagara Falls, Inc., doing business as The Pleasure Dome (Rainbow), by Marine Midland Bank (Marine). The security took the form of an assignment of interest in a certificate of deposit issued to plaintiff by Marine. The agreement further provided that defendants would personally guarantee repayment of the security in the event of a default in repayment of the loan. In addition, plaintiff was to receive 12% interest on the amount of the security, together with 5% of the net profits of Rainbow for two years.

In January 1993 plaintiff received notice that the certificate of deposit had been charged in the amount of $25,267.30 for the repayment of the loan. The following month, Rainbow transferred $25,000 to the client funds account of its attorney, and the attorney issued a check for $25,000 from that account to plaintiff. Plaintiff endorsed the check and deposited the funds into a passbook account in his name at Key Bank. Plaintiff then assigned that account to Key Bank as collateral for a $25,000 loan by Key Bank to Rainbow. Rainbow ultimately defaulted on that loan and plaintiff's account was charged for repayment of Rainbow's obligation.

In our view, the evidence raises a triable issue of fact whether the check issued by Rainbow's attorney to plaintiff in February 1993, which was endorsed and cashed by plaintiff, satisfied defendants' obligations under the terms of the May 1991 agreement (*see, Banque Indosuez v Pandeff,* 193 AD2d 265, 272, *lv dismissed* 83 NY2d 907, *appeal dismissed* 86 NY2d 788, *lv dismissed* 86 NY2d 809). There is also a triable issue of fact whether defendants' obligations under the terms of the May 1991 agreement were discharged as the result of the Key Bank transaction (*see, Reiss & Son v Silver Colt Realty Assocs.,* 184 AD2d 205).

We modify the judgment and order, therefore, by denying that part of plaintiff's motion seeking partial summary judgment against defendants on the first cause of action.

All concur except Pigott, Jr., J., who dissents in part and votes to affirm in the following Memorandum.

Pigott, Jr., J. (dissenting in part). I respectfully dissent in part. In my view, Supreme Court properly granted that part of plaintiff's motion seeking partial summary judgment on the first cause of action alleging that Michael Hamilton and William Hamilton (defendants), among others, breached the terms of a May 1991 agreement. I disagree with the majority's conclusion that defendants raised a triable issue of fact whether they satisfied their obligations under the terms of the 1991 agreement. Defendants failed to provide a satisfaction of judgment or any document suggesting that their obligations to plaintiff had been satisfied. Claims by defendants that they had given money to their attorney believing that he was using that money to satisfy their obligations to plaintiff under the 1991 agreement were flatly denied by their attorney. While relevant to a possible claim by defendants against their attorney for misdirecting funds, those claims do not raise a triable issue of fact whether plaintiff, in endorsing the subsequent check, depositing the funds and assigning the account to Key Bank, intended to forego his right to rely upon the terms of the 1991 agreement. (Appeal from Judgment and Order of Supreme Court, Niagara County, Joslin, J.—Summary Judgment.) Present—Green, J. P., Lawton, Pigott, Jr., Hurlbutt and Callahan, JJ.